With the first case on for argument, Oparah v. New York City Department of Education. Thank you. Mr. Oparah, we'll hear your argument. You can come to the podium. And we'll hear, when you're ready, we'll hear what you want to tell us. Thank you very much for coming. Thank you. During the settlement conference, in fact, indeed, here I have not, I don't have a lawyer because I've spent over $30,000 and I don't have money to get a lawyer. I presented my case to the lawyers and I've been asking why I was terminated from my job. After 23 years of satisfactory service, I've never had a problem. And I have not been told why. So I was, I presented and while the DOE seized my bank account and took money from my account and so many things that happened. And my, so they told me that it will be resolved at a conference. And during the conference, I brought up all these issues, none was addressed. I was told over and over between the magistrate and my lawyer that every issue I brought up will be addressed. But when they wrote what they wanted me to sign, none of those things was addressed at all. They kept on telling me that it will be addressed, it won't be addressed. Then I could not sign anything when all my concerns were not addressed. So my lawyer told me, then I said, why are all the things we discussed were not put in writing? He said I had already agreed before the judge, but my lawyer told me, do not argue, follow my directives, and everything will be solved. And if anything is not resolved in writing, we will discuss it later, and it will be remedied. I didn't see any of those things, and I was being forced to sign on something that, I don't know, I did not agree with, something that did not include all my requests and concerns. And- So just so I understand what you've told us, you were saying that basically your lawyer told you certain things about the agreement. You felt as though you were required to sign off on it. Yes, I was asked to sign off on something that I did not agree with. Did I- I understand you didn't agree, but the source of the information and the advice you were taking was from your lawyer at the time, is that right? Yeah, both from the lawyer and the magistrate court. The magistrate judge, both of us were there. The magistrate was going from one room to the other, and I made all my concerns and problems clear to them. They told me. Let me ask you one more quick question, and then I'll let you sit down, because you've reserved some time for rebuttal. You said something about your bank accounts being seized? Yes. What was that in connection with? The DOE went into my account, MCU account, and took money from there. They also took $13,000 from me, the money that I was supposed to be paid during summer vacation. A total of $13,000, they seized it. I don't know why, and no one has told me. And again, as I said, 23 years of very satisfactory service with the DOE. My student did very well. Why did anybody kick me out? No one has given me a reason up to today. And we've read your papers as well, so we're going to hear from the other side. Okay. And if you'll sit down, then you'll have a chance to talk to us one more time. Thank you very much. May it please the court, Victoria Scalzo, appearing- The podium will come down a little bit, Ms. Scalzo, which might put the mic more directly in front of you. That's great. Thank you, Your Honor. Thank you. Victoria Scalzo, appearing for the Department of Education. Your Honors, first, all of Appellant's arguments are addressed to the underlying judgment. However, Appellant did not appeal from the underlying judgment. The only order that is on appeal is the order of the district court denying Appellant's motion for reconsideration. Appellant made no argument, advanced no argument on appeal pertaining to that order. Appellant did not show or even argue that the court abused its discretion in denying reconsideration. Was he represented by counsel in the underlying appeal? Yes. Same counsel who helped him negotiate the settlement? Plaintiff was represented by counsel at the time that the settlement agreement was entered into. I understand that. And with respect to, there was no appeal. Do you know if counsel continued in place or after? No, from the point, a plaintiff was pro se at the point in time that he was submitting objections to the recommendation, report and recommendation. Okay. But there was no appeal taken from the underlying judgment. And could you just help me a little bit with explaining, if you can, the Mr. Opara's discussion of the seizure of his accounts? Your Honor, I'm not, I don't have information about that. I don't believe that there's anything developed in the record about that. Because it doesn't pertain to, even to the issues that are presented by the judgment. What happened here, though, is that there was a settlement agreement that was reached in open court. Plaintiff expressed his understanding of the terms of the agreement. And he agreed to be bound by them. And he understood that he was entering into a binding oral agreement. His attorney also confirmed to the magistrate judge that all of the terms of the agreement had been stated on the record. There was nothing that had not been stated. So even if the court were to reach the merits of the judgment, there should be an affirmance. However, with respect to the order that is actually on appeal as well, there should be an affirmance. Unless the court has any other questions, we will rest on our brief. Thank you, Ms. Galzo. Thank you, Your Honor. Mr. Opara, anything more that you would like to tell us in response to what Ms. Galzo said? Your Honor, I have a paper from MCU Bank. Paper from what? From the bank. I see. That the DOE directed them to release money, and they did. I also have the letter from DOE telling me that they did not tell me, there was no hearing, there was nothing. So all I did was, I couldn't get money from my bank. Then I called DOE, they wrote me a letter that I had been terminated. No hearing, till today, no one has told me why I was terminated and why my bank account was seized. Then the question of- But that was not part of- Yeah. This is a question. Right, okay. It was not part of what happened in the first go around, right? It wasn't part of your settlement agreement. It wasn't part of the settlement agreement. It happened afterwards? No, it was at that time, but I brought everything up during the settlement agreement. I was told by the magistrate, by my lawyer, to rest those things and everything will be taken care of. But they were not taken care of. And then the question of settlement agreement. As we were talking, my lawyer was there pressuring me. He was telling me, if you read the letter the magistrate, Judge wrote, he was telling me if I did not want to listen to him, he would abandon the case, and we were in the court. I had no choice but to go by what the lawyer was telling me, and that's why I brought everything before the magistrate and judge, so that they could resolve the issue, nothing. And they wrote me a letter that I was terminated. If I'm terminated, I would like to be- I hear you, we hear you and what you're telling us. There may be certain things that we don't have jurisdiction to deal with, because they weren't part of the case that's now before us. So we have heard your arguments. We've read your papers from both of you, and we will reserve decisions so we will get you a response to your appeal in fairly short order. And thank you very much. Thank you, Matt. So what do I do? Thank you. What do I do? No, you can just, we will not get you an answer today. It will be shortly, so probably next week sometime. So you can leave now, you're free to leave. I'm free to leave? Yes, you're free to leave. Thank you. Thank you very much.